IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AHMAD JASIR RASHAD,
aka, DIAMOND LEVEL COLEMAN,

        Petitioner,                    No. 2:10-cv-0771 KJN P

   vs.

RICHARD B. IVES,

        Respondent.             ORDER

_____/

        Petitioner, a federal prisoner proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner has paid the filing fee.  For the reasons that follow, the court construes this matter as a successive motion pursuant to 28 U.S.C. § 2255 and transfers this case to the U.S. District Court in which petitioner was convicted and sentenced.

        The petition attacks the legality of petitioner's 1993 federal conviction for drug trafficking and sentencing thereon, which occurred in the United States District Court for the Western District of Missouri.  (See Dkt. No. 1, at 2, 7-8.)  Petitioner's conviction was affirmed on appeal.  (Id. at 2, citing U.S. v. Jenkins, 52 F.3d 743 (8th Cir. 1995).)  Petitioner's sentence initially included a term of life imprisonment.  (Dkt. No. 1, at 8.)  Petitioner successfully moved

1

to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (reduction authorized by Sentencing Commission's lowering of sentence range).  Petitioner's life sentence was vacated and he was resentenced to a prison term of 381 months.  (Dkt. No. 1, at 8-9.)

On October 1, 1997, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied as untimely in July 1999.  (Dkt. No. 1, at 2, citing Case No. 97-1328-CV-W-9-P, United States District Court, Western District of Missouri.)  Review of the cited docket and filings therein demonstrate that petitioner sought reconsideration, which was denied, and sought a certificate of appealability, which was also denied.  On November 5, 2007, petitioner moved for relief from judgment on the ground that his § 2255 motion had been timely based on the date of petitioner's resentencing rather than the date of his original sentencing.  That motion and plaintiff's further request for a certificate of appealability were denied, and plaintiff's appeal thereon was dismissed.  Petitioner thereafter filed a petition for writ of certiorari with the United States Supreme Court, which was denied on January 21, 2009.  See generally, Dockets in Case Nos. 97-1328 (U.S. District Court, Western District of Missouri), 08-2325 (Eighth Circuit Court of Appeals), and 08-7737 (U.S. Supreme Court).

Petitioner now seeks relief pursuant to the instant § 2241 petition on the ground that his prosecution, conviction and sentence violated petitioner's due process rights.  Pursuant to what appears to be a new claim, petitioner asserts:

> Petitioner's Due Process Right was violated as petitioner was a juvenile during the entire span of the conspiracy for which he is currently detained and the District Court lacked jurisdiction to try and sentence him, thus the petitioner is legally innocent.

(Petition, Dkt. No. 1, at 3.)  Petitioner explains:

> The petitioner['s] involvement in said conspiracy began when he was just fifteen years of age and ended when he was seventeen, and he was indicted when he was under the age of twenty-one.  Thus, petitioner's case fell squarely within the protective ambit of the Juvenile Delinquency Act, pursuant to 18 U.S.C. § 5031-5032.  The government failed to initiate transfer proceedings, thus, the District

Court did not have jurisdictional authority to try the case as a criminal matter or sentence petitioner.

(Id.)  Petitioner further alleges that "conspiracy to commit a controlled substance offense," for which petitioner was convicted, is not a transferable offense under the Juvenile Delinquency Act. (Id. at 14-15.)

Anticipating this court's construction of the instant petition as a successive § 2255 motion, petitioner argues that this action presents a matter at the "core of habeas corpus" under § 2241, due to the Missouri District Court's purported lack of jurisdiction and hence petitioner's "legal innocence." (Dkt. No. 1, at 3, 11-12.)  Petitioner further argues that he has not yet had "an unobstructed procedural shot" at presenting this claim.  (Id.)  In addition, petitioner presses his prior argument that the applicable statute of limitations for assessing the timeliness of his initial § 2255 motion should be based on the date he was resentenced.  (Id. at 12-13; see also n. 1, supra.)

As a general rule, jurisdiction to consider a "core habeas petition" pursuant to 18 U.S.C. § 2241 lies only in the district of confinement.  Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).  However, it is the initial task of the custodial district court to determine whether the "petition should be deemed to be a petition under § 2241 or a motion under § 2255."  Harrison v. Ollison,  519 F.3d 952, 956 -957 (9th Cir. 2008).  "'Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.'  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  There is an exception, however, set forth in § 2255:  A federal prisoner may file a habeas petition under § 2241 to challenge the legality of a sentence when the prisoner's remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.' 28 U.S.C. § 2255[e].  Courts refer to this section of § 2255 as the "savings clause," or the "escape hatch." Hernandez, 204 F.3d at 864, n. 2; Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.2006) (internal quotation marks

3

omitted). If a prisoner's claims qualify for the escape hatch of § 2255, the prisoner may challenge the legality of a sentence through a § 2241 petition in the custodial court. Hernandez, 204 F.3d at 865; Harrison v. Ollison, supra, 519 F. 3d at 956.

"[A] § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens v. Herrera, supra, 464 F.3d at 897 (citations omitted). This court need only consider the first of these criteria. "[A] claim of actual innocence for purposes of the escape hatch of § 2255 is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998): 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.' Id. at 623 (internal quotation marks omitted); see also Lorentsen [v. Hood], 223 F.3d [950] at 954 [9th Cir. 2000] (quoting this passage from Bousley )." Stephens v. Herrera, supra, 464 F.3d at 898. Here, petitioner does not claim actual innocence, but "legal innocence" based on the purported lack of jurisdiction of the district court in trying and sentencing petitioner. Thus, petitioner has failed to satisfy the first prong for filing a § 2241 petition, and this court need not determine whether plaintiff has met the second prong.

Since petitioner has failed to demonstrate the appropriateness of his petition under § 2241, the court construes the instant action as a second or successive § 2255 motion. As such, this action should be reviewed by the district court in which petitioner was convicted and sentenced. "[Section] 2255 motions must be heard in the sentencing court." Hernandez, 204 F.3d at 865, citing Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (citations omitted); 28 U.S.C. § 2255(a); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94 (1973) (traditional venue considerations render most appropriate the forum in which the material events took place and the records and witnesses are to be found); see generally, 28 U.S.C. § 1404(a) (authorizing transfer of a civil action to another district in which it may have

been brought).[1]  Accordingly, the court will therefore transfer this action to the United States District Court for the Western District of Missouri.

One additional matter requires the court's attention.  A recent order of this court served on petitioner's address of record – Herlong Federal Correctional Institution – was returned by the postal service as "undeliverable."  See Docket Entry dated April 12, 2010.  However, the "inmate locator" provided on the Federal Bureau of Prisons' website indicates that plaintiff remains incarcerated at Herlong Federal Correctional Institution.  The Clerk of Court will therefore be directed to serve the instant order, and to re-serve the documents contained in Docket Entry No. 3 (which will, however, no longer be applicable upon transfer of this action), on petitioner at the following address:

> Ahmad Jasir Rashad
> Inmate No. 6995-045
> Herlong Federal Correctional Institution
> Inmate Mail/parcels
> P.O. Box 800
> Herlong CA 96113

Should service again fail, the Director of the Federal Bureau of Prisons should be directed to locate petitioner.  Meanwhile, petitioner is hereby notified that he is required to promptly inform the court of any address change.  See Local Rule 182(f), Local Rules of Practice for the United States District Court, Eastern District of California.  Failure to comply with this rule, or a comparable rule in the United States District Court for the Western District of Missouri, may warrant dismissal of this action.

////

---

[1] Transfer of this action will require that petitioner file a motion in the Eighth Circuit Court of Appeals for an order authorizing the district court to consider his successive motion under § 2255.  See 28 U.S.C. §§ 2255(h), 2244(a).  The court of appeals may authorize a successive § 2255 motion if petitioner can demonstrate that it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h).

Accordingly, IT IS HEREBY ORDERED that:

1. This matter is transferred to the United States District Court for the Western District of Missouri, 400 East 9th Street, Room1510, Kansas City, Missouri 64106;

2. The Clerk of this Court is directed to serve the instant order, and to re-serve the documents contained in Docket Entry No. 3, on petitioner at Herlong Federal Correctional Institution, at the address noted above; and

3. Petitioner shall, if applicable, file a notice of change of address within seven days of service of this order.

DATED: April 19, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

rash0771.scrn.2241